**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-4196**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

VIRGIL W. WOMACK,

              Defendant – Appellant.

───────────────

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior
District Judge.  (8:09-cr-00786-GRA-1)

───────────────

Submitted:  January 12, 2011      Decided:  January 31, 2011

───────────────

Before WILKINSON, KING, and GREGORY, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Mario A. Pacella, STROM LAW FIRM, L.L.C., Columbia, South
Carolina, for Appellant.  David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Virgil Womack pled guilty to wire fraud, in violation of 18 U.S.C. § 1343 (2006), and was sentenced to twenty-four months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that the district court erred in enhancing Womack's base offense level based on amount of loss but stating that there are no meritorious issues for appeal. Womack has filed a pro se supplemental brief raising additional issues. We affirm.

In the Anders brief, Womack contends that the district court erred when it increased his base offense level of 7, see U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(a)(1) (2008), by twelve levels based on the amount of intended loss, which was determined to be $250,000. See USSG § 2B1.1(b)(1)(G) (12-level increase where loss exceeds $200,000). Counsel states that the parties informed the court at Womack's Fed. R. Crim. P. 11 hearing that there was no loss to be included as relevant conduct. Our review of the transcript of that proceeding discloses that, while the court was informed that there was no actual loss, the parties also informed the court that they could not at that time determine the amount of intended loss.[*]

---

[*] In his pro se brief, Womack contends that, because there was no actual loss, his offense level was improperly enhanced. His contention has no merit. The sentencing guidelines provide
(Continued)

2

Accordingly, increasing Womack's base offense level based on the amount of intended loss did not contravene any representations made at the Rule 11 proceeding.

In his pro se brief, Womack complains that the indictment was defective, an FBI agent lied at a probable cause hearing, and the case was based on a lie told to authorities by his brother. His valid guilty plea, however, waives these claimed antecedent jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Finally, Womack's claim of ineffective assistance of counsel is not cognizable on appeal because ineffectiveness does not conclusively appear on the face of the record. Any such claim must be raised, if at all, in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in

---

that the amount of loss for purposes of sentencing enhancements is the greater of the actual loss or the intended loss. USSG § 2B1.1, cmt. n.3(A). "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense . . . and . . . includes intended pecuniary harm that would have been impossible or unlikely to occur[.]" USSG § 2B1.1, cmt. n.3(A)(ii).

writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED